913 P.2d 567

**Russell BONNER and Martin Bonner, Plaintiffs–Appellants,**

v.

**ROMAN CATHOLIC DIOCESE OF BOISE, an Idaho corporation, Defendant–Respondent.**

**No. 21417.**

Supreme Court of Idaho, Boise, December 1995 Term.

Feb. 16, 1996.

Rehearing Denied April 12, 1996.

Ellis, Brown & Sheils, Chtd., Boise, for appellants. Allen B. Ellis argued.

Cosho, Humphrey, Greener & Welsh, Boise, for respondent. Stanley W. Welsh argued.

JOHNSON, Justice.

This is a case involving alleged sexual abuse and repressed memory of the abuse. We conclude that the claims are barred by the statute of limitations because some objectively ascertainable damage occurred when the alleged abuse took place, even though the full effect may not have been experienced until years later.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Russell and Martin Bonner, who are brothers, allege that they were sexually abused as children by a Catholic priest (the priest). Russell says he now remembers an episode while he was swimming at Lucky Peak near Boise. Martin says he now recalls two incidents, one occurring on a camping trip. The brothers say the abuse occurred during the "summertime," although neither can pinpoint a year. According to the affidavit of the Bonners' older sister, the priest lived in the Bonner household for a few weeks between late June and mid-July 1971. Russell was eleven years old and Martin was ten years old that summer.

The priest was associated with the Roman Catholic Diocese of Boise (the diocese) from the spring of 1971 until July 27, 1971. Although the diocese contends that the priest was never employed by the diocese, it concedes for the purpose of this appeal that he was "associated" with the diocese during that time.

Russell first remembered the abuse on December 24, 1991. He discussed the inci-

dent with his family at Thanksgiving dinner on November 24, 1993. Martin first remembered the abuse around February 1993. The brothers filed suit against the diocese on December 23, 1993.

On the diocese's motion for summary judgment, the trial court dismissed the case after concluding that (1) the claims were barred by the two-year statute of limitations in I.C. § 5–219(4) (1990), and (2) there was no evidence the alleged abuse was within the scope of the priest's employment. The Bonners appealed.

## II.

### THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

The Bonners assert that their claims are not barred by the statute of limitations. We disagree.

The Bonners contend that the "some damage" rule should have prevented the trial court from granting the diocese's motion for summary judgment on the basis of I.C. § 5–219(4). The brothers contend that their damage was not "objectively ascertainable" until they remembered the abuse, citing *Chicoine v. Bignall,* 122 Idaho 482, 487, 835 P.2d 1293, 1298 (1992). They argue that just as the order in *Chicoine* granting a new trial "protected [the plaintiff] from any damage" their repression of the memories of the abuse protected them from any emotional damage until the memories resurfaced. *Id.*

 Unlike some states which have tolled the statute of limitations for repressed memories, Idaho is not a discovery jurisdiction. Thus, the question under *Chicoine* is when was there some objectively ascertainable damage sufficient to start the running of the statute of limitations. Even though the emotional damage the Bonners say they suffered may not have occurred until they remembered the events, there was also immediate damage at the time of any abuse. An act of sexual abuse is a battery and entitles the victim to at least nominal damages in a suit filed immediately following the act. *Cf. Pierson v. Brooks,* 115 Idaho 529, 537, 768 P.2d 792, 800 (Ct.App.1989). Therefore,

some objectively ascertainable damage occurred at the time of any abuse of the Bonners by the priest, and the statute of limitations bars the Bonners' claims.

## III.

### CONCLUSION

We affirm the trial court's summary judgment dismissing the Bonners' claims because they are barred by the statute of limitations. We find it unnecessary to address whether there was evidence that the alleged abuse occurred within the scope of the priest's employment by the diocese.

We award the diocese costs on appeal.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.