701 A.2d 164

**Linda Parisano DALRYMPLE, Appellant,**

v.

**Eugene BROWN, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 11, 1997.

Decided Aug. 25, 1997.

218

William H. Lamb, James C. Sargent, Jr., Andrea B. Pettine, West Chester, for Linda Parisano Dalrymple.

Susan Frietsche, Philadelphia, for Amicus-Int.'l Society for Traumatic Stress Studies, etc.

Andrew J. Forbes, Media, for Eugene Brown.

Thomas A. Pavlinic, Annapolis, MD, for Amicus-False Memory Syndrome Foundation.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION OF THE COURT

CAPPY, Justice.

This case presents the court with an issue of contemporary significance: Whether the discovery rule should extend the statute of limitations in a case where the plaintiff claims that repressed memory of an injury is the cause of the failure to file the action timely? Answering this question in the negative, we affirm the decision of the Superior Court affirming the order of the trial court granting summary judgment.

Appellant is in her mid-thirties and alleges in her Complaint that she recovered memories on August 25, 1990 of a childhood sexual assault that the appellee perpetrated upon her in 1968 and 1969. She further claims that she had repressed the memory of the events for over twenty years and first recalled them on August 25, 1990. She filed a Praecipe for a Writ of Summons on July 10, 1992 and a Complaint on December 7,

1992. The Complaint sets forth counts for battery, assault, intentional infliction of emotional distress, and a claim for punitive damages.

In his responsive pleadings, appellee denied the factual allegations, raised the statute of limitations as an affirmative defense, and filed a counterclaim, alleging that appellant's claims were unfounded and made in bad faith.

Subsequent to the filing of the Answer, appellee filed a Motion for Summary Judgment, alleging that the matter was barred by the statute of limitations, 42 Pa.C.S. § 5524, which provides that the causes of action relied upon by appellant are subject to a two-year statute of limitation.[1] Although appellant was a minor when the sexual abuse is alleged to have occurred, the statute which excuses the period of minority for purposes of the statute of limitations is not available in this case as the cause of action accrued prior to the effective date of that particular tolling provision.[2] However, even if the minority tolling provision were available to appellant, she reached majority on January 3, 1979. Thirteen years from the date of majority passed before she filed suit.

1. 42 Pa.C.S. § 5524 provides, in pertinent part:
 The following actions and proceedings must be commenced within two years:
 (1) An action for assault, battery, false imprisonment, ... malicious prosecution or malicious abuse of process.
 (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct....

2. 42 Pa.C.S. § 5533 (1984) provides as follows:
 (b) **Infancy.** If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subsection the term "minor" shall mean any individual who has not yet attained the age of 18.
 As amended 1984, May 30, P.L. 337, No. 67, § 1, effective in 30 days. This section could not be applied retroactively to revive a claim that was otherwise barred by the statute in effect at the time of the injury. *Redenz by Redenz v. Rosenberg*, 360 Pa.Super. 430, 520 A.2d 883, *appeal denied*, 516 Pa. 635, 533 A.2d 93 (1987).

The Court of Common Pleas granted the Motion for Summary Judgment, holding that the appellant had failed to comply with the statute of limitations by failing to file her claims within two (2) years of reaching her eighteenth birthday.[3] The court also declined to apply the discovery rule to extend the statute of limitations, relying upon the Superior Court decision in *Seto v. Willits*, 432 Pa.Super. 346, 638 A.2d 258 (1994) and the rationale of *Baily v. Lewis*, 763 F.Supp. 802 (E.D.Pa.1991).

In a memorandum decision, the Superior Court affirmed the decision below, relying upon *E.J.M. v. Archdiocese of Philadelphia*, 424 Pa.Super. 449, 622 A.2d 1388 (1993), *A. McD. v. Rosen*, 423 Pa.Super. 304, 621 A.2d 128 (1993), and *Seto v. Willits, supra*. We granted allocatur to decide the important question presented by this case.

In our review of a case decided on summary judgment, we are required to determine whether the moving party has established that there was no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 204, 412 A.2d 466, 468–69 (1979). In making this determination, we must examine the record in the light most favorable to the nonmoving party, and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Hayward v. Medical Ctr.*, 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992).

In the instant case, we do not believe that there are any factual disputes that would preclude our ability to decide the questions of law presented in this case.

3. We note that this portion of the trial court's order was in error as the minority tolling provision of 42 Pa.C.S. § 5533 was not in effect in 1969 when the alleged injury occurred. As the complaint is for an action in battery the appellant should have filed her action within two years of 1969. The minority tolling provision was not effective until 1984. It cannot revive a cause of action which accrued and expired prior to its effective date. To clarify the record the statute of limitations expired in this case in 1971. Although the trial court was in error on this point it does not affect our disposition of this matter. We further note that the Superior Court did not adopt this portion of the trial court opinion in its opinion affirming the grant of summary judgment.

The engine which drives this appeal is appellant's assertion that she could not reasonably have known of her injury until that moment in time when she recovered her repressed memory. Accordingly, she argues that her injury was not discovered until the moment of recovery and therefore, the discovery rule should apply to toll the statute of limitations in the case *sub judice.*

"[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 269 (1963); *Pocono Int'l Raceway v. Pocono Produce,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). The statute of limitations requires aggrieved individuals to bring their claims within a certain time of the injury, so that the passage of time does not damage the defendant's ability to adequately defend against claims made. As we have noted elsewhere, the statute of limitations "suppl[ies] the place of evidence lost or impaired by lapse of time, by raising a presumption which renders proof unnecessary...." *Schmucker v. Naugle,* 426 Pa. 203, 205, 231 A.2d 121, 123 (1967)(quoting *United States v. Oregon Lumber Co.,* 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed. 261 (1922)).

The "discovery rule," so-called, is an exception to the requirement that a complaining party must file suit within the statutory period. The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Hayward,* 530 Pa. at 325, 608 A.2d at 1043; *Schaffer,* 410 Pa. at 406, 189 A.2d at 270.

As we have stated before, the rule is an equitable one, which excludes the period of time during which the injured party is *reasonably unaware* that an injury has been sustained so that people in that class have essentially the same rights as those who suffer an immediately ascertainable inju-

ry. *Hayward*, 530 Pa. at 325, 608 A.2d at 1043 (emphasis supplied). Although the purpose of this rule is "to mitigate, in worthy cases, the harshness of an absolute and rigid period of limitations," it is also true that the rule "cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists." *Ingenito v. AC & S, Inc.*, 430 Pa.Super. 129, 135, 633 A.2d 1172, 1175 (1993).

The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite the exercise of reasonable diligence. *Pocono Int'l. Raceway*, at 84–85, 468 A.2d at 471. The standard of reasonable diligence is objective, not subjective. It is not a standard of reasonable diligence unique to a particular plaintiff, but instead, a standard of reasonable diligence as applied to a "reasonable person." *Redenz by Redenz v. Rosenberg*, 360 Pa.Super. 430, 435, 520 A.2d 883, 886, *appeal denied*, 516 Pa. 635, 533 A.2d 93 (1987).

Prior to the Pennsylvania courts having had an opportunity to address application of the discovery rule to claims of repressed memory as justification in applying the rule, the Federal District Court for the Eastern District of Pennsylvania twice addressed the issue. In the first case, *Baily v. Lewis*, 763 F.Supp. 802 (E.D.Pa.1991), the court found the discovery rule unavailable, holding that the plaintiff's failure to promptly seek relief was due to his own incapacity, and granted the defendant's motion for summary judgment.

In resolving the motion for summary judgment the court in *Baily* acknowledged that Pennsylvania had not yet spoken on the applicability of the discovery rule to cases alleging repressed memory as justification for applying the rule. The court therefore began its analysis by reviewing the reasons offered by the various jurisdictions which had addressed applicability of the discovery rule to repressed memory claims. Among the jurisdictions which toll the statute of limitations in repressed memory cases, justification is found in a *subjective* policy approach to application of the discovery rule.[4] The

4. The cases reviewed by the court in *Baily* were: *Mary D. v. John D.*, 264 Cal.Rptr. 633 (Cal.App. 6 Dist.1989), *review dismissed*, 275 Cal.

jurisdictions which refuse to toll the statute of limitations in repressed memory cases follow an *objective* policy approach to cases seeking application of the discovery rule.[5]

Following an examination of the opinions rendered by our sister states the *Baily* court reasoned that, as Pennsylvania adhered to an objective standard in discovery rule cases, the subjective approach utilized by many of our sister states would not be favored in Pennsylvania. The court in *Baily* recognized that Pennsylvania permits utilization of the discovery rule in cases where the injury is not readily discernible as opposed to cases where it is the incapacity of the plaintiff which causes the delay in bringing suit.[6] *Id.* at 807–08. In

Rptr. 380, 800 P.2d 858 (1990); *Osland v. Osland,* 442 N.W.2d 907 (N.D.1989); *Johnson v. Johnson,* 701 F.Supp. 1363 (N.D.Ill.1988); *Hammer v. Hammer,* 142 Wis.2d 257, 418 N.W.2d 23 (1987).

The Supreme Court of Nevada held that no statute of limitations will apply in claims brought by adult survivors of child sexual abuse as long as clear and convincing evidence exists that the abuse actually occurred. *Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18 (1990). *Baily* at 805.

5. The court in *Baily* discussed the following cases: *Hildebrand v. Hildebrand,* 736 F.Supp. 1512 (S.D.Ind.1990); *Lindabury v. Lindabury,* 552 So.2d 1117 (Fla.App. 3 Dist.1989); *E.W. v. D.C.H.,* 231 Mont. 481, 754 P.2d 817 (1988).

The Supreme Court of Washington refused to apply the discovery rule due to the subjective nature of repressed memory claims in a well reasoned opinion at *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986). That opinion was later overruled by a statute specifically permitting application of the discovery rule to such cases. Wash.Rev. Code ch. 144 S.S.B. No. 6305, (amending RCW 4.16.350 and adding a new section to RCW 4.16). *Baily* at 805–06.

6. For examples of cases where Pennsylvania courts did apply the discovery rule: *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959) (surgical sponge left in abdomen during operation performed nine years earlier); *Trieschock v. Owens Corning Fiberglas Co.,* 354 Pa.Super. 263, 511 A.2d 863 (1986), *alloc. denied* 514 Pa. 617, 521 A.2d 932 (1987) (asbestosis, creeping disease, caused by exposure to asbestos); *Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 153 A.2d 477 (1959) (subsurface injury, underground telephone line crushed and blocked sewage pipe).

Examples of cases where Pennsylvania courts did not apply the discovery rule: *Walters v. Ditzler,* 424 Pa. 445, 227 A.2d 833 (1967) (limitation period will not toll for infancy nor incompetency); *Walker v. Mummert,* 394 Pa. 146, 146 A.2d 289 (1958) (insanity will not toll

applying that principle to the case before it the court in *Baily* stated: "[i]t was thus plaintiff's own incapacity, albeit, one allegedly caused by the injury, and not the nature of the injury itself that resulted in his inability to pursue his claim." *Id.* at 808. Thus, the *Baily* court held that under Pennsylvania law, because repressed memory is an incapacity unique to the plaintiff, such claims would not supply sufficient justification to toll the statute of limitations. *Id.* at 810–11.

Conversely, another judge of the Federal District Court for the Eastern District, in *Hewczuk v. Sambor*, 803 F.Supp. 1063 (E.D.Pa.1992), denied a motion for summary judgment, holding instead that, in order to prevent an inequitable result, the courts of Pennsylvania would permit the discovery rule to apply where the plaintiff suffered the injury as a minor and promptly "forgot" that she was injured. Contrary to the analysis of the court in *Baily,* the court in *Hewczuk* focused on the nature of the claim being asserted, the sexual abuse of a young child. *Hewczuk* at 1065. The *Hewczuk* court ignored the legal principles adhered to within this jurisdiction when dealing with discovery rule claims and instead rendered a decision prompted by the seeming inequity in permitting an accused child molester to avoid responsibility for his horrid behavior through application of a legal device. *Hewczuk* at 1065.

Subsequently, our Superior Court addressed the discovery rule in the context of belated suits premised upon incidents of child sexual assault and has held that the discovery rule was unavailable. *Pearce v. The Salvation Army & Crouch,* 449 Pa.Super. 654, 674 A.2d 1123 (1996); *Seto v. Willits,* 432 Pa.Super. 346, 638 A.2d 258 (1994); *E.J.M. v. Archdiocese of Philadelphia,* 424 Pa.Super. 449, 622 A.2d 1388 (1993); *A. McD. v. Rosen,* 423 Pa.Super. 304, 621 A.2d 128 (1993). Our Superior Court has found the rationale of *Baily* more persuasive than that of *Hewczuk* when rendering its decisions on this issue.

statute of limitations); 42 Pa.C.S. § 5533(a) (neither insanity nor imprisonment will toll the statute of limitations). *Baily* at 807.

Although *A. McD.* and *E.J.M.* did not involve repressed memory as justification for application of the discovery rule, the opinions in those cases clearly established the groundwork for the later decisions in *Seto* and *Pearce.* The plaintiffs in *A. McD.* and *E.J.M.* had failed to bring their actions for sexual assault in a timely manner as they failed to recognize that the sexual contact they had experienced caused an injury for which a cause of action could be brought. In each of those cases the court held that where a plaintiff is aware of the fact of the injury, failure to know that you have a cause of action resulting therefrom will not toll the statute of limitations. *A. McD.*, at 309, 621 A.2d at 131; *E.J.M.*, at 461, 622 A.2d at 1394. The opinions in *McD.* and *E.J.M.* each referenced the decision in *Baily* in reaching the conclusion that Pennsylvania law will not permit tolling of the statute of limitations where the failure to act in a timely fashion is premised on an incapacity of the plaintiff. *Id.*

In *Seto* the plaintiff did assert that her failure to promptly pursue her cause of action was caused by repression of the memory of the assault. Accordingly, Seto sought application of the discovery rule to toll the limitations period until the moment she recovered her repressed memory of the assault. The plaintiff in *Seto* suffered from a multiple personality disorder, treatment for which prompted the recollection of the sexual abuse. In refusing to apply the discovery rule in *Seto,* the Superior Court cited *Baily* with approval for the proposition that the incapacity of the plaintiff will not toll the statute of limitations. *Seto* at 352, 638 A.2d at 261, *citing Baily v. Lewis,* 763 F.Supp. at 805–808.

Recently the Superior Court addressed another request to toll the statute of limitations in a child sexual assault case where the plaintiff alleged that the memory of the assault had been repressed. Again the court refused to apply the discovery rule, citing the consistent adherence of an objective application of the rule by the courts of Pennsylvania which precludes tolling on the basis of an incapacity of the plaintiff. *Pearce,* at 661, 674 A.2d at 1126.

Appellant argues that the Superior Court's decision herein, which followed the rationale of *Baily* as adopted in *E.J.M., A. McD.* and *Seto*, was incorrect given the facts of this case.[7] Appellant asserts that those cases are inapposite to the case at bar as in each of those decisions the Superior Court refused to apply the discovery rule on the basis that Pennsylvania law does not permit the tolling of limitation periods due to the incapacity of the plaintiff. Appellant asserts that contrary to the plaintiffs in *E.J.M, A. McD.* and *Seto*, she is not arguing that the failure to timely file her action was the result of a disability. Appellant here asserts that the repression of her memory of the assaults was not a disability, but rather, it was a natural reaction as a young child to the trauma she experienced because of the sexual abuse. Appellant argues that it was the nature of the injury itself which caused her to suffer the repression of the event, and thus, the discovery rule should apply.

Appellant's argument is original; however, it is not persuasive. In *E.J.M., A. McD.,* and *Seto* the Superior Court correctly recognized the plaintiffs' respective attempts in each of those cases, to avail themselves of the discovery rule, was premised upon the assertion of an incapacity unique to that particular plaintiff. Here appellant attempts to distinguish herself from those plaintiffs by boldly claiming that her repression of the memory of the original injury is not an incapacity; rather, she contends that it is the injury itself. Appellant bolsters her argument with reference to numerous psychological journals which recognize the phenomenon of repressed memory.[8]

 Notwithstanding the psychological evidence, appellant's position cannot be cognizable under Pennsylvania law. The very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the nature of the injury itself is such that no amount of vigilance will enable the

---

**7.** The Superior Court opinion in *Pearce* had not been filed at the time of appellant's brief to this court. However, it is consistent with the opinions in *Seto, E.J.M.,* and *A. McD.*

**8.** *See* Brief of appellant and Brief of Amicus for appellant, and authorities cited therein.

plaintiff to detect an injury. *Pocono,* at 85, 468 A.2d at 471. Appellant attempts to fit herself within this rule by simply declaring that the battery she suffered as a child was so traumatic that it was essentially unknown to her until the memory resurfaced. In other words, appellant argues that the battery she suffered caused the injury of repressed memory, so that the repression is as much a part of the original injury as the actual battery itself.

Appellants' argument is creative. However, creativity cannot replace common sense. Regardless of how appellant categorizes repressed memory she cannot escape the fact that the original injury was a battery which is commonly defined at law as a harmful or offensive contact. *Levenson v. Souser,* 384 Pa.Super. 132, 557 A.2d 1081, *appeal denied,* 524 Pa. 621, 571 A.2d 383 (1989). In a typical battery all the elements of the offensive touching will be present and ascertainable by the plaintiff at the time of the touching itself. *Id.* Under application of the objective standard it would be absurd to argue that a reasonable person, even assuming for the sake of argument, a reasonable six year old, would repress the memory of a touching so that no amount of diligence would enable that person to know of the injury. Appellant's argument, though admittedly quite ingenious, is still an assertion of an incapacity particular to this plaintiff's ability to know that she suffered a battery.

Although this court is sensitive to the horrors of child abuse, that sensitivity cannot overcome solid jurisprudence. The equitable concept of the discovery rule as consistently applied in Pennsylvania recognizes and ameliorates the harshness of the statute of limitations where the nature of the injury is such that "no amount of reasonable diligence" would have enabled the injured party to discern the injury. *Pocono,* at 85, 468 A.2d at 471. This objective standard allows for equity in protecting those parties who could not, through the exercise of reasonable diligence, know they were injured and simultaneously protects the tortfeasor from being faced with stale claims that, due to the passage of time and the fading of memory, may be indefensible.

By focusing on the nature of the injury itself in discovery rule cases the catalyst in commencing the statute of limitations is always the discovery of a real and readily ascertainable injury: *Ayers*, the sponge in the abdomen; *Love v. Raymark Industries, Inc.*, 430 Pa.Super. 155, 633 A.2d 1185, *appeal denied*, 538 Pa. 658, 648 A.2d 789 (1994), cancer caused by exposure to asbestos; *Trieschock*, and *Cathcart v. Keene*, 324 Pa.Super. 123, 471 A.2d 493 (1984), asbestosis; *Romeo & Sons, Inc. v. P.C. Yezbak & Son, Inc.*, 539 Pa. 390, 652 A.2d 830 (1995), structural defects in building; *Smith*, damage caused by underground telephone line. In each of these cases the actual injury and the proof of negligence easily ascertainable from the very presence of such an injury, balances the danger of forcing the tortfeasor to answer a stale claim.

In the case at bar application of the discovery rule would not fit within this objective standard. Here we have only the "memories" of the plaintiff to rely upon in determining that an actual injury occurred. There is no objective evidence of an injury. To require an alleged tortfeasor, no matter how heinous the allegations, to respond to claims of an injury many years after the fact, where the only "evidence" of the actual injury is held in the "memory" of the accuser, would allow the exception known as the discovery rule, to swallow the rule of law embodied within the statute of limitations itself.

We acknowledge that since the decision in *Baily* a majority of jurisdictions now apply the discovery rule to claims of repressed memory to toll the limitation period for suit.[9] In reviewing the decisions of our sister states that accept claims of repressed memory as justification for the delay in filing

**9.** Among the jurisdictions which apply the discovery rule for claims of repressed memory as justification to toll the statute of limitations, the following representative sample sets forth the reasons most commonly relied upon by the respective courts: *Doe v. Roe*, 187 Ariz. 605, 931 P.2d 1115 (App.1996)(Arizona courts do not favor statute of limitations defense and interpret discovery rule claims liberally in favor of the plaintiff); *Sellery v. Cressey*, 48 Cal.App.4th 538, 55 Cal.Rptr.2d 706 (1996) (statute specifically tolls statute of limitations claims for victims of child sexual assault until the injury is discovered); *Farris v. Compton*, 652 A.2d 49 (D.C.1994) (to apply the statute of limitations to defeat recovery would be intolerable in cases where the injury itself was so

suit, we find, just as the court did in *Baily*, that those jurisdictions generally do not favor a strict application of limitation periods. We find, however, that the jurisdictions in the minority generally follow an objective approach to limitation periods and, like Pennsylvania, apply the discovery rule by focusing on the nature of the injury rather than the particularities of the specific plaintiff.[10]

Pennsylvania courts have consistently applied the discovery rule in only the most limited of circumstances, where the

traumatic it caused the plaintiff's repression, for to do so would be to allow the wrongdoer to profit from his own wrong); *Johnson v. Johnson,* 701 F.Supp. 1363 (N.D.Ill.1988) (Illinois courts apply the discovery rule on a case by case basis, balancing the difficulty in proof caused by the passage of time against the hardship to the plaintiff; focus is on particularity of each plaintiff); *Doe v. The Roman Catholic Church,* 656 So.2d 5 (La.App.3 Cir.1995) (Louisiana applies the discovery rule to all cases, all actions must be commenced within one year of "discovery"); *Nuccio v. Nuccio,* 673 A.2d 1331 (Me.1996) (statute specifically tolls limitation period until "discovery" for victims of child sexual abuse; courts strictly construe the statute); *Phinney v. Morgan,* 39 Mass.App. Ct. 202, 654 N.E.2d 77 (Mass.1995) (discovery rule applies by statute to causes of action for child sexual abuse; statewide policy disfavors strict statute of limitations in fairness to plaintiff); *Sheehan v. Sheehan,* 901 S.W.2d 57 (Mo.1995) (statute specifically tolls limitations period for child sexual abuse; repressed memory as point of "discovery" of injury is a jury question); *Jones v. Jones,* 242 N.J.Super. 195, 576 A.2d 316 (1990) (repressed memory due to child sexual abuse is a mental trauma sufficient to meet disability tolling provision for insanity); *Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18 (1990) (no statute of limitations will apply to child sexual abuse actions where there exists clear and convincing evidence that the abuse actually occurred); *Peterson v. Huso,* 552 N.W.2d 83 (N.D.1996) (sexual abuse claim does not accrue until repressed memory is recalled); *Ault v. Jasko,* 70 Ohio St.3d 114, 637 N.E.2d 870 (1994) (use of discovery rule is favored to ease unconscionable result to innocent victims); *Lovelace v. Keohane,* 831 P.2d 624 (Okla.1992) (discovery rule will apply where the plaintiff uses reasonable diligence).

10. The jurisdictions which prohibit repressed memory claims to toll limitations periods for the commencement of civil actions offer the following rationale for their rulings: *Travis v. Ziter,* 681 So.2d 1348 (Ala.1996) (although Alabama tolls the limitation period for insanity, claim of repressed memory does not satisfy that provision); *Lindabury v. Lindabury,* 552 So.2d 1117 (Fla.App.3 Dist. 1989) (without discussion the court held that repressed memory will not toll statute of limitations); *Bonner v. The Roman Catholic Diocese of Boise,* 128 Idaho 351, 913 P.2d 567 (1996) (Idaho does not have a discovery rule); *Doe v. Maskell,* 342 Md. 684, 679 A.2d 1087 (1996) (repressed memory claim will not satisfy insanity tolling provision; in addition the court found

plaintiff, despite the exercise of reasonable diligence, was unable to discover his or her injury or its cause. *E.J.M. v. Archdiocese of Philadelphia,* 424 Pa.Super. at 458–59, 622 A.2d at 1393 (1993) (citing *Baily v. Lewis,* 763 F.Supp. at 806–07). Having thoroughly reviewed the decisions of our sister states and the argument of appellant, we find that Pennsylvania's traditional approach to application of the discovery rule is preferable to the subjective analysis employed by other jurisdictions. We thus conclude that summary judgment was proper as the recovery of repressed memory cannot extend statutory limitations.

Accordingly, for the foregoing reasons, the judgment of the Superior Court is affirmed. Jurisdiction is relinquished.

NEWMAN J., files a concurring opinion.

NIGRO, J., concurs in the result.

NEWMAN, Justice, concurring.

I am writing this Concurring Opinion because I respectfully disagree with the Majority that the discovery rule does not apply, as a matter of law, to Appellant Linda Dalrymple's claim of repressed memory. The Majority's analysis is faulty because, assuming *arguendo* the validity of Appellant's repressed memory theory, a jury could find that she experienced a natural consequence of sexual child abuse, i.e., a contemporaneous dissociation and repression of all awareness of the offensive contact, such that she was reasonably unaware of her injury until her memory of the events returned many years later. However, I believe any discussion of the discovery rule, here, is academic because Appellant has failed to produce evidence of facts essential to her claim. Because she has failed to establish a prima facie case, I agree that Appellee

that the scientific evidence would not support repression as a valid theory justifying application of the discovery rule as there was no legal distinction between repression of memory and forgetting); *Lemmerman v. Fealk,* 449 Mich. 56, 534 N.W.2d 695 (1995) (neither the insanity tolling provision nor the discovery rule can apply to repressed memory claims, as such claims are premised upon unreliable factual assertions wholly inconsistent with the objective principles of limitation periods).

Eugene Brown is entitled to summary judgment. Therefore, I concur in the result reached by the Majority.

## Admissibility of Scientific Evidence

Neither party, the trial court, the Superior Court, nor the Majority addresses the admissibility of repressed memory evidence. Ordinarily, before admitting expert testimony concerning a novel scientific theory, a trial court must determine that the subject of the expert's testimony has gained general acceptance in the scientific field in which it belongs pursuant to *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923). *See Commonwealth v. Topa,* 471 Pa. 223, 369 A.2d 1277 (1977).[1] Therefore, any discussion of whether the discovery rule applies to Appellant's claim assumes, without deciding, the evidentiary reliability of repressed memory evidence.

I note, however, that the validity of repressed memory theory is subject to considerable debate in the psychological community, and some courts have rejected its admissibility. *See, for a thorough discussion of the admissibility of repressed memory evidence, State v. Hungerford,* 1995 WL 378571 (N.H. Super.1995) (disallowing testimony concerning recovered memory of sexual assault in a criminal trial because the phenomenon of repressed memory is subject to "violent" disagreement); *see also Doe v. Maskell,* 342 Md. 684, 679 A.2d 1087 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 770, 136 L.Ed.2d 716 (1997)(noting serious disagreement in the psychological community concerning repression theory). Again, I emphasize that, for purposes of this concurring statement, I express no opinion as to the admissibility of repressed memory evidence. I add this cautionary note to preclude any misreading of the Majority Opinion, or this Concurring Opinion, as implicitly accepting the admissibility of the evidence.

1. This Court adopted the *Frye* test for evaluating scientific evidence in *Topa.* The United States Supreme Court has, however, recently rejected the *Frye* test in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), finding it superseded by the Federal Rules of Evidence. We declined to decide whether the *Daubert* test supersedes or modifies the *Frye* test in Pennsylvania in *Commonwealth v. Crews,* 536 Pa. 508 n. 2, 640 A.2d 395 n. 2 (1994), and I offer no opinion on the issue now.

234

## Summary Judgment

Turning to the issue on appeal, I believe that any discussion concerning application of the discovery rule to this case is academic. Appellant has briefed her theory of repression, but she has failed to come forth with sufficient evidence to support her cause of action. Most glaringly, Appellant has failed to produce any affidavit or expert report that would enable a fact finder to evaluate her claim of repressed memory. As emphasized by Appellee, Appellant's discussion of her anticipated expert testimony concerning dissociation and repression is wholly inappropriate because it is not part of the record. The record contains only Appellant's testimony concerning her experiences. As repression is a scientific theory beyond the knowledge or experience of the average person, expert testimony is required to assist the trier of fact in evaluating Appellant's claim. *See Churbuck v. Union Railroad Co.*, 380 Pa. 181, 110 A.2d 210 (1955). Due to the absence of evidence necessary to support her claim of repressed memory, Appellant has failed to defeat Appellee's motion for summary judgment. Pa. R.C.P. 1035.2(2).[2] Therefore, I concur in the Majority's affirmance of the grant of summary judgment in favor of Appellee.

## Discovery Rule

Despite the inadequacy of the record before us, the Majority has established a rule of law forever foreclosing application

2. Rule 1035.2 provides:
> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
> (2) if, after completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
> Pa. R.C.P. 1035.2.

of the discovery rule to cases of alleged repressed memory. I am, therefore, compelled to express my disagreement with the Majority's analysis.

The "discovery rule" is an equitable, court-made rule that tolls the running of the statute of limitations where the plaintiff does not know or cannot reasonably detect the existence of an injury within the prescribed statutory period. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992). The purpose of the discovery rule "is to exclude the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have essentially the same rights as those who suffer an immediately ascertainable injury." *Id.* at 324, 608 A.2d at 1043. Before applying the discovery rule, courts must address the ability of the plaintiff, exercising ordinary diligence, to know of the injury. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468 (1983). When an injured party is unable to discern an injury that is discoverable by the exercise of due diligence, through means within his or her reach, "[t]his is not the sort of blameless ignorance which compels the application of the discovery rule...." *Id.* at 86, 468 A.2d at 471.

The Majority properly states that, in Pennsylvania, the standard of knowledge is an objective one, *Redenz v. Rosenberg,* 360 Pa.Super. 430, 520 A.2d 883 (1987), *allocatur denied,* 516 Pa. 635, 533 A.2d 93 (1987); therefore, it is the nature of the injury that determines whether the discovery rule applies, *Baily v. Lewis,* 763 F.Supp. 802 (E.D.Pa.1991), *aff'd without op.,* 950 F.2d 722 (3d Cir.1991). Whether a plaintiff should have discovered his or her injury within the statutory period is generally a question for the jury; only where the undisputed facts lead unerringly to the conclusion that the plaintiff took an unreasonable time to discover the injury may we decline to apply the discovery rule as a matter of law. *Seto v. Willits,* 432 Pa.Super. 346, 638 A.2d 258 (1994), *allocatur denied,* 538 Pa. 648, 647 A.2d 902 (1994); *Pearce v. The Salvation Army,* 449 Pa.Super. 654, 674 A.2d 1123 (1996). Here, in his Motion for Summary Judgment, Appellee avers that there is no

genuine issue as to any material fact respecting the tolling of the statute of limitations. R. at 140a. Instead, he argues that, as a matter of law, the discovery rule cannot toll the statute of limitations in this case even when drawing all factual inferences in the light most favorable to Appellant. *Id.*[3]

Appellant asserts that Appellee, a family friend, sexually abused her when she was between the ages of six and eight. She claims that when the alleged abuse occurred, her mind involuntarily blocked any contemporaneous recollection of the acts through psychological mechanisms that resulted in a lack of conscious awareness of the abuse. According to her proposed expert testimony, dissociation was the key psychological mechanism at work. Through dissociation, her mind immediately suppressed and repressed any memory of the assaults as they occurred by creating a fiction that the abuse was not really happening. It was the nature and severity of the assaults and intimidation that caused her mind temporarily to lose all contemporaneous memory of the trauma and the details of the assaults until nearly twenty-three years later. According to Appellant, her lack of conscious awareness and repressed memory of the molestation is an integral part of the injury itself.

She explains that sexual abuse of a child of tender years produces a dissociative phenomenon, causing the repression of conscious awareness and memory of the molestation. Thus, due to repression, all of the elements of the sexual battery are not known to the child victim at the time of the molestation. Repression of childhood sexual abuse is not, according to Appellant, an individual disability or incapacity, such as a personality disorder, but is a normal psychological mechanism that can operate in any healthy young mind when confronted with a traumatic event.

In *Hewczuk v. Sambor*, 803 F.Supp. 1063 (E.D.Pa.1992), a similar case in which the court rejected the defendant's claim

3. In reviewing a grant of summary judgment, we must examine the record in the light most favorable to the non-moving party, and resolve any doubts as to the existence of a genuine issue of material fact against the moving party. *Hayward.*

that the statute of limitations barred the plaintiff's action, the Honorable John P. Fullam, Sr. was persuaded by the reasoning that:

even though a plaintiff's physical or mental disability does not ordinarily toll the statute, where the inability to discover the trauma is due to the nature of the original injury itself, the statute is tolled; in such circumstances, it is the tortfeasor who caused both the original harm and the inability to discover.

*Id.* at 1064. Another federal case applying Pennsylvania law, *Greenberg v. McCabe*, 453 F.Supp. 765 (E.D.Pa.1978), *aff'd without op.*, 594 F.2d 854 (3d Cir.), *cert. denied*, 444 U.S. 840, 100 S.Ct. 78, 79, 62 L.Ed.2d 51 (1979), is instructive in analyzing claims such as Appellant's. In that case, the plaintiff sought to recover for psychiatric malpractice after the expiration of the statute of limitations. She asserted that her mental condition and medicated state, caused by her doctor, precluded her from timely discovering the doctor's negligence. The court acknowledged that, in Pennsylvania, a person's mental deficiency generally cannot be considered in determining the reasonableness of his conduct. However, the court determined that:

logic compels the conclusion that it was proper for the jury to consider the plaintiff's mental disabilities insofar as they were caused by the defendant. Our determination is based in part on our understanding of the rationale for the discovery rule in *Ayers v. Morgan*.[4] The Supreme Court reasoned the Ayers' Claim could not be barred because the defendant's conduct set in motion objective "laws of nature" which prevented Mr. Ayers from ascertaining the cause of

---

**4.** 397 Pa. 282, 154 A.2d 788 (1959). In *Ayers*, the plaintiff discovered, nine years after an ulcer operation, that his surgeon had left a surgical sponge in his abdomen. The plaintiff brought a cause of action for negligence against the doctor. The defendant moved for judgment on the pleadings, raising the statute of limitations as a bar to the action. This Court reversed the trial court's grant of judgment on the pleadings, reasoning that "[w]hen knowledge is impossible because of the laws of nature, or because of the actual fraud of the wrongdoer, the statute runs from the time of discovery." *Id.* at 287, 154 A.2d at 791–92 (citations omitted).

his abdominal pain: since defendant had sewn him up as part of the treatment, "he could not open his abdomen like a door and look in" to discover the cause of his pain. Similarly, in this case the testimony of the psychiatrist called by plaintiff as an expert established that as a matter of scientific fact the defendant's therapy impaired the judgment and mental processes of Mrs. Greenberg in a way that was analogous to, if subtler than, the surgeon's sewing up of Mr. Ayers' abdomen. Thus, the plaintiff presented competent and unrebutted testimony that as a result of the operation of the "laws of nature" in connection with [the defendant's] treatment, which laws we understand to comprise the psychiatric as well as the physiological, she was precluded from discovery. At issue is the objective effect of the defendant's treatment on discoverability by a reasonable person, not the impact on discoverability of the plaintiff's mental deficiencies apart from that treatment.

*Id.* at 768–69 (citations omitted). The *Greenberg* rationale is equally applicable here. At issue is the objective effect of the alleged abuse on a reasonable person's ability to discover the injury. As alleged by Appellant, severely offensive abuse naturally causes repression in the mind of a minor child. Thus, assuming the validity of Appellant's scientific theory, the "laws of nature" prevented her from ascertaining her injury. As the *Greenberg* court concluded, "the statutory period does not begin to run if the fact-finder concludes that the plaintiff's failure of discovery, objectively determined, is brought about by the very nature of the defendant's conduct." *Id.* at 769.

However, rejecting Appellant's argument as contrary to common sense, the Majority concludes that "it would be absurd to argue that a reasonable person, even assuming for the sake of argument, a reasonable six year old, would repress the memory of a touching so that no amount of diligence would enable that person to know of the injury." *Dalrymple v. Brown*, at 170. The Majority, therefore, concludes that Appellant is asserting nothing other than an individual incapacity to know that she suffered a battery. I believe, howev-

er, that the engine driving the Majority's analysis is its summary rejection of the *validity* of Appellant's repressed memory theory, a question not now before this Court. The question before us is not limited to what makes common sense. We must accept, solely for purposes of this decision, a scientific theory that, like countless novel scientific theories, initially appears inconceivable.

As previously stated, Appellant asserts that repression is a *normal* psychological response of a healthy six to eight-year-old to a traumatic childhood event. Judge Fullam recognized in *Hewczuk*, where foster parents allegedly abused a minor child, "it is not at all unreasonable to suppose that a child of such tender years, with her limited experience in life, would not understand that her 'parents' were mistreating her and that these horrors would be totally repressed and excluded from her consciousness." *Id.* at 1065. Just as exposure to asbestos does not cause cancer in every individual, childhood sexual assault may not trigger a dissociative reaction in every victim. In neither case does an incomplete correlation of cause and effect necessarily indicate an idiosyncratic reaction of a particular plaintiff. Although repression may be an extraordinary phenomenon, a victim such as Appellant, who allegedly dissociated and repressed all conscious awareness of childhood sexual assault, is blameless in her inability to discover her injury within the statutory period. Thus, I believe the Majority errs in concluding that, as a matter of law, it was unreasonable for Appellant to fail to detect her injury within the statutory period.

*Baily*, cited by the Majority, appears at first glance to involve a similar factual scenario. A closer inspection, however, reveals that *Baily* is factually distinguishable from this case. The *Baily* plaintiff claimed that he had psychologically repressed his memory of childhood sexual molestation by a family friend. The District Court said that the discovery rule applies where an injury is not readily discernible, such as in the case of a surgical sponge left in a patient's abdomen. *Id.* (citing *Ayers* ). The *Baily* plaintiff, however, did not allege that he was unaware of the alleged abuse when it occurred or

who committed it. He conceded that, at the time of the abusive incidents, he knew that it hurt both physically and emotionally. Instead, he asserted that he did not know the acts were *wrongful* at the time they were committed. The *Baily* court, therefore, reasoned that it was not the nature of the injury itself, i.e., a readily discernible battery, that resulted in the plaintiff's inability to sue, but his own incapacity.

The facts of *Baily* are more similar to those of *E.J.M v. Archdiocese of Philadelphia*, 424 Pa.Super. 449, 622 A.2d 1388 (1993), and *A. McD. v. Rosen*, 423 Pa.Super. 304, 621 A.2d 128 (1993), than the facts of the case at bar. In *E.J.M.*, the plaintiff conceded that he never repressed his memory of the physical acts a priest had committed upon him, but claimed that he did not know those acts were "abuse" and had caused psychological and emotional harm. Likewise, in *A. McD.*, the plaintiff was aware that her psychiatrist committed sexual acts upon her, but claimed that her psychiatric problems precluded her from knowing that the acts were unethical. In both cases, the court held that the plaintiff's lack of awareness that the defendant's conduct was wrongful and injurious is irrelevant to the discovery rule analysis. In each case, the court held that once the plaintiff knew what was happening to him or her and who was doing it, the plaintiff had a duty to investigate the matter and institute suit.

Here, however, Appellant asserts a contemporaneous dissociation from the molestation. Thus, although all of the elements in a typical battery action are *ordinarily* present and known to the plaintiff at the time of the touching itself, *Baily*, here, it was the offensiveness of the contact that allegedly caused her to repress all conscious awareness and memory of the touching. Accordingly, the battery was not immediately discernable to her. Therefore, it is the nature of the actual injury that prevented her from ascertaining its existence.

In factually similar cases, *Seto* and *Pearce*, the Superior Court has, however, erroneously relied on *Baily* to hold that repressed memory categorically constitutes an individual incapacity of the plaintiff. The *Seto* court affirmed the grant of summary judgment against a plaintiff who allegedly suffered a

personality split in the course of sexual assault that caused her to mentally block out the acts committed upon her. Relying on *Seto*, the court in *Pearce* affirmed the grant of preliminary objections against a plaintiff who alleged she repressed her recollection of traumatic assaults inflicted upon her as a child. Nonetheless, the court stated:

> A question arises, however, as to whether it is appropriate to utilize this standard when a mental incapacity is averred as the reason for delayed discovery of an injury. It is not for this court to decide whether a plaintiff who alleges repression or other mental disability had the ability to know of the injury and its cause. As the *Seto* court stated, "if there is to be any departure from the clear and certain pronouncement of prior case law and statute, it must be taken by our legislature or Supreme Court."

*Pearce*, 449 Pa.Super. at 660, 674 A.2d at 1125. Here, we should take the opportunity to announce that where a plaintiff alleges a contemporaneous dissociation and repression of all memory of childhood sexual abuse, it is for the jury to decide whether to apply the discovery rule to toll the statute of limitations.