**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3391
_____

BRANDON PRICE,
                            Appellant

v.

THE ASSOCIATED PRESS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00648)
District Judge: Honorable Marilyn J. Horan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 24, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Brandon Price, proceeding *pro se* and *in forma pauperis* ("IFP"), appeals from the

United States District Court for the Western District of Pennsylvania's ("the District

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court's") order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(b). We will affirm the judgment of the District Court.

In May 2025, Price invoked the District Court's diversity jurisdiction, *see* 28 U.S.C. § 1332, and sought to sue the Associated Press ("AP") for defamation under 42 Pa. Cons. Stat. § 8343(a)(2).[1] Specifically, Price claims that the AP published a story on October 22, 2013, claiming that "'Plaintiff has been sentenced to eight months in federal prison,' when in fact Plaintiff's October 22, 2013 sentence was to a community halfway house." ECF No. 7 at 1.

After granting Price IFP status, a Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended that the Complaint be dismissed as time-barred for failure to state a claim upon which relief can be granted. After Price filed, and the District Court considered, Objections to the Report and Recommendation, the District Court agreed that the defamation claim is time-barred, adopted the Report and Recommendation, and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(ii) with prejudice. Price appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal *de novo* pursuant to § 1915(e)(2)(B)(ii), *see Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.

---

[1] He alleged complete diversity of citizenship and an amount in controversy that was not to a legal certainty below the threshold for diversity jurisdiction. *See generally Oldham v. Pa. State Univ.*, 138 F.4th 731, 741 n.2 (3d Cir. 2025).

2000), and review the denial of leave to amend for abuse of discretion, *see In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

In Pennsylvania, claims for defamation or libel are subject to a one-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5523(1). Pennsylvania has adopted the "single publication rule," which clarifies that a cause of action arises from "the original printing of the defamatory material and not the circulation of it." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 175 (3d Cir. 2012). Here, because the cause of action accrued on October 22, 2013, the date the AP published the wire story, Price had until October 22, 2014, to file his action within the limitations period. Price filed the instant action in May 2025, more than a decade after article was published. Accordingly, Price's complaint was untimely on its face.[2]

Price claims the District Court erred in determining his action was untimely because the District Court should have concluded that Pennsylvania's discovery rule tolled the statute of limitations. He relies on *Fine v. Checcio*, 870 A.2d 850 (Pa. 2005), which states that "the discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at time his right to institute suit arise." *Id*. at 3; *see also* C.A. Doc. 6 at 4–5. As a

---

2 Although the running of the statute of limitations is ordinarily an affirmative defense, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim if it is apparent from the face of the complaint that the action is time-barred and not subject to tolling. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

preliminary matter, as the District Court explained, *Fine* discussed the applicability of the discovery rule in the context of a latent injury allegedly caused by negligent dentistry. *See* 870 A.2d at 861. *Fine* does not require that the discovery rule be applied in defamation cases.

To determine more generally whether the District Court should have applied the discovery rule in this diversity action, we must look to Pennsylvania law and predict how the Pennsylvania Supreme Court would view the applicability of the discovery rule to Price's case. *Id*. The Pennsylvania Supreme Court has explained that the discovery rule's central purpose is to address "an injury that is not immediately ascertainable," *Fine*, 870 A.2d at 859–60. The Pennsylvania Supreme Court also has cautioned that the rule "cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists," and is reserved for "worthy cases" in which "the injured party is *reasonably unaware* that an injury has been sustained." *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997) (quotation marks and citations omitted). Under the facts that Price alleged (the publication of a wire story that was "syndicated…worldwide" to high-traffic platforms like "FoxNews.com, Yahoo News" and others, ECF No. 7 at 1), Price could not have been "*reasonably unaware* that an injury [was] sustained" during the limitations period. *Dalrymple*, 701 A.2d at 167. Accordingly, the District Court did not err in declining to apply the discovery rule.

Next, citing generally to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), Price argues that the District Court, sitting in diversity jurisdiction, erred by relying on federal

district court cases, specifically *Wolk v. Olson*, 730 F. Supp. 2d 376 (E.D. Pa. 2010), and *Barrett v. Catacombs Press*, 64 F. Supp. 2d 440, 443 (E.D. Pa. 1999), in considering whether the discovery rule applied. However, the District Court could consider those cases as persuasive authority to guide its application of Pennsylvania law. *See McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 663 (3d Cir. 1980) (holding that when "attempting to forecast state law" under *Erie*, federal courts "must consider," *inter alia*, "analogous decisions.").

Lastly, Price argues that the District Court should have provided him with leave to amend his defamation claim. The District Court did not abuse its discretion in disallowing amendment. Granting Price leave to amend would have been futile under the circumstances of this case, as the District Court ruled, and Price has not specified (in the District Court or on appeal) how he could amend to state a timely claim. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002); *see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007) (requiring a proper request for leave to amend and a proposed amendment complaint outside of the context of a civil rights case).

Accordingly, we will affirm the judgment of the District Court.