**Johnnie BUSTAMANTE, Appellant,**

v.

**ALASKA WORKERS' COMPENSATION BOARD, Space Mark, Inc., American Home Assurance, Ounalashka Corporation, and Reliance Insurance Co., Appellees.**

**No. S–10003.**

Supreme Court of Alaska.

Nov. 29, 2002.

---

Johnnie Bustamante, pro se, Anchorage.

Theresa Hennemann and Rebecca J. Hiatt, Holmes Weddle & Barcott, PC, Anchorage, for Appellees.

Ounalashka Corporation and Reliance Insurance Co. Allan E. Tesche, Russell, Tesche, Wagg, Cooper & Gabbert, Anchorage, for Appellees Space Mark and American Home Assurance.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

## I. INTRODUCTION

Johnnie Bustamante's workers' compensation administrative appeal was dismissed in the superior court due to his failure to pay for the preparation of a transcript of the Workers' Compensation Board proceedings. Because the superior court had the power to waive the transcript requirement, we remand for the superior court to decide whether to waive the requirement in this case.

## II. FACTS AND PROCEEDINGS

Johnnie Bustamante worked for both Space Mark, Inc. and Ounalashka Corporation in 1997. Bustamante claimed an injury from the overuse of his hands while working on computers at Space Mark and filed a claim with the Alaska Workers' Compensation Board (the board). Both employers controverted all benefits. The board found that Bustamante did not suffer a compensable injury in the course and scope of his employment with either employer. Bustamante's claims for benefits were denied and dismissed.

Bustamante alleged six errors in his appeal to the superior court. At the time of filing his appeal, Bustamante also filed a request for court-appointed counsel, an extension of time to prepare his appeal, and an exemption from payment of fees. Superior Court Judge Elaine M. Andrews granted Bustamante an exemption from the payment of fees specified in Administrative Rule 9(f)(1). However, Judge Andrews denied Bustamante's request for counsel, stating that "there is no provision to appoint counsel in these cases."

Bustamante was informed several times that, to prepare the record for appeal, he would need to arrange and pay for the preparation of a transcript of the board's proceedings. In response, Bustamante filed a request for a waiver of all costs and fees, stating that he was a disabled student relying on charity to maintain himself. Judge Andrews issued an order stating that all costs and fees that could be waived had already been waived.

The board, having filed a notice of nonparticipation in the appeal, filed a motion requesting more time to prepare the record on appeal, citing Bustamante's failure to prepare the transcripts. In response to the second notice sent to him by the board regarding the transcript, Bustamante replied:

I agree that *ordinarily* I would be responsible to provide transcripts to the superior court under Appellate Rule 604(b). However, since the Alaska Workers['] Compensation Board (AWCB) doubts my competency and [I] have not been provided with appropriate legal coun[sel] to represent me, I cannot comply with your request. Since AWCB doubts my current mental stability, I simply cannot enter into any agreement to authorize production of the requested transcripts.

Recommend AWCB forward requested transcripts to the superior court as soon as possible.

In addition, please be advised that I am a disabled student currently attending Alaska Pacific University and have no financial resources to produce the requested transcripts.

Space Mark filed a motion to dismiss Bustamante's appeal with prejudice on the grounds that Bustamante had "not paid for or accepted responsibility for the payment of preparation of a transcript." Ounalashka filed a nonopposition to Space Mark's motion to dismiss. Superior Court Judge Donald D. Hopwood dismissed Bustamante's case without prejudice. Bustamante appeals.

### III. STANDARD OF REVIEW

██ We exercise our independent judgment when interpreting the civil rules,[1] "adopt[ing] the rule of law that is most persuasive in light of precedent, reason, and policy."[2] The decision to appoint counsel for a civil litigant is a procedural decision, which we review for an abuse of discretion.[3] A court abuses its discretion when we are "left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in its ruling."[4]

### IV. DISCUSSION

**A. The Superior Court Had the Discretion To Allow Deviation from the Requirements of Appellate Rule 604(b).**

██ Bustamante argues that the superior court erred in dismissing his case without reviewing the entire record. Space Mark moved for dismissal on the grounds that Bustamante had not "paid for or accepted responsibility for the payment of preparation of a transcript of Board proceeding as required by Appellate Rule 604(b)."

Appellate Rule 604(b) governs the record on administrative appeals.[5] The preparation

---

1. *Peter v. Progressive Corp.*, 986 P.2d 865, 867 (Alaska 1999).

2. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

3. *Balough v. Fairbanks N. Star Borough*, 995 P.2d 245, 254 (Alaska 2000).

4. *Peter Pan Seafoods, Inc. v. Stepanoff*, 650 P.2d 375, 378–79 (Alaska 1982).

5. Alaska R.App. P. 604(b)(1) provides, in part:
   (b) Appeals From Administrative Agencies.
     (1) Record on Appeal.
     (A) The record on appeal consists of the original papers and exhibits filed with the ad-

of the transcript is governed by Appellate Rule 604(b)(1)(B)(iv), imposing the costs of preparing a transcript on the appellant absent an agreement to the contrary or an order of the court and allowing the agency to require advance payment of the estimated costs.

We have previously expressed our support for the principle that financial hardship should not preclude access to the courts.[6] The text of Appellate Rule 604(b)(1)(B)(iv) supports this principle: The court may order the parties to deviate from the default position that the appellant pays for the transcript.[7] The superior court's order denying Bustamante's request for a waiver of costs indicates that the court was not aware of this power, as it stated that "[a]ll costs and fees that can be waived have been waived."

We have previously held that deviation from Appellate Rule 604(b)(1)(B)(iv) is acceptable to ensure access to the courts. In *Baker v. University of Alaska*,[8] we were faced with the question whether Appellate Rule 604(b)(1)(B)(iv) allows for accommodation when a party requests relief from the prepayment requirement.[9] While we specifically stated that the case did "not require us to determine whether Baker should be absolved of his duty to pay for preparing the record and transcript, just whether he must pay in advance," [10] we held that Appellate Rule 604(b)(1)(B)(iv) allows the superior court to deviate from the ordinary procedure

requiring prepayment upon a showing of good cause, citing the principle that "the size of a party's bank account should not foreclose [that] party's opportunity to be heard." [11] While there was no agreement between the parties pursuant to Appellate Rule 604(b)(1)(B)(iv) regarding costs of transcript preparation, the court had the power to order otherwise; this power included waiving the prepayment requirement, requiring the appellant to narrow the designation of needed transcripts, or even allowing designation of the use of tapes (with log notes) if the testimony being reviewed was not so lengthy as to cause an undue burden for the reviewing court. As the court's statement indicates it was not aware of the options available, it was an abuse of discretion simply to dismiss Bustamante's case.

## B. Bustamante Was Not Entitled to Appointed Counsel for His Appeal.

■ Bustamante argues that the trial court should have appointed counsel to assist him in his appeal. To hire private counsel, Bustamante states, one must be competent. Citing to the board's statement questioning his competency, Bustamante apparently asserts that he was entitled to have counsel appointed for him.[12]

In its decision, the board discussed Bustamante's psychiatric history, including his diagnosis of a conversion disorder. The board

---

ministrative agency, and a typed transcript of the record of proceedings before the agency.
   (B) Appellate Rule 210 shall apply except that:
   (i) Appellate Rule 210(b)(1) and (2) shall not apply.
   . . . .
   (iv) In the absence of an agreement between the parties or an order of the court to the contrary, all reasonable costs incurred in connection with preparing the transcript and the court's copy of the agency file shall be borne by the appellant. The preparing agency may require advance payment of the costs as reasonably estimated by the agency.

6. *Baker v. Univ. of Alaska*, 22 P.3d 440, 442–43 (Alaska 2001).

7. Alaska R.App. P. 604(b)(1)(B)(iv).

8. 22 P.3d 440 (Alaska 2001).

9. *Id.* at 442.

10. *Id.*

11. *Id.* at 443 (internal quotation marks and footnotes omitted) (alteration in original).

12. It is unclear on what legal grounds Bustamante bases this proposition. While this court has appointed counsel for indigent civil litigants in certain cases, *see, e.g., V.F. v. State*, 666 P.2d 42, 44–45 (Alaska 1983) (termination of parental rights); *Flores v. Flores*, 598 P.2d 893, 895 (Alaska 1979) (child custody); *Reynolds v. Kimmons*, 569 P.2d 799, 803 (Alaska 1977) (paternity); and *Otton v. Zaborac*, 525 P.2d 537, 538 (Alaska 1974) (civil contempt proceedings for nonpayment of child support), the decision to do so has turned on the requirements of due process, and not the mental state of the party for whom appointed counsel is sought. *See also infra* at 274–275.

relied on Bustamante's previous psychiatric history in coming to its conclusion that this history was the cause of his current conversion disorder, not his work at Space Mark. The board did state that "based on the employee's psychiatric diagnoses, he did not 'knowingly' make false or misleading statement[s]." The board also "question[ed] whether his mental condition may affect his recollection of his medical or pharmacological history, or his ability to testify truthfully." The board, however, did not indicate that Bustamante was not competent to enter into a contract for legal representation. Further, we are unpersuaded that it did anything to prevent Bustamante from hiring counsel.

As it does not appear that the board's decision prevented Bustamante from hiring counsel, we next consider whether the superior court erred in refusing to appoint counsel for Bustamante. Relying on the principles justifying appointment of counsel in criminal cases, we have allowed appointment of counsel in certain civil cases or quasi-civil proceedings.[13] While an indigent person has no right to appointed counsel in most civil cases, we have allowed appointment in several types of cases,[14] including termination of parental rights,[15] child custody,[16] paternity suits,[17] and civil contempt proceedings.[18]

Bustamante's claim does not fall into one of the already recognized exceptions for appointment of counsel in a civil proceeding. We must therefore determine whether Bustamante's due process rights were violated by the superior court's failure to appoint counsel. We have adopted[19] the balancing test from *Mathews v. Eldridge*[20] to determine what process is due:

Identification of the specific dictates of due process generally involves consideration of three distinct factors: the private interest affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the fiscal and administrative burdens that additional or substitute procedural requirements would entail.[21]

The private interest of a litigant to have counsel in a workers' compensation case is not nearly as strong as the interest involved in cases where the litigants are already afforded appointed counsel by this court. While an unlitigated claim is a species of property,[22] it is an interest that is much less important than the exercise of parental rights, the custody of children, or the deprivation of liberty.

Without counsel, a litigant's chance of success on a workers' compensation claim may be decreased. However, it is not clear that failing to appoint counsel in a workers' compensation case results in an erroneous deprivation of a litigant's rights, especially considering that the workers' compensation board has extensive experience with *pro se* litigants and considering the statutory framework for the recovery of attorney's fees for successful workers' compensation claimants.[23]

Finally, the state has a very strong interest in not appointing counsel for workers' compensation litigants. Requiring the state to pay for counsel for workers' compensation claims would be an extraordinary fiscal burden.

13. *Reynolds*, 569 P.2d at 801.

14. *Langfeldt–Haaland v. Saupe Enters.*, 768 P.2d 1144, 1146–47 (Alaska 1989).

15. *V.F.*, 666 P.2d at 44–45.

16. *Flores*, 598 P.2d at 895.

17. *Reynolds*, 569 P.2d at 803.

18. *Otton v. Zaborac*, 525 P.2d 537, 538 (Alaska 1974).

19. *In the Matter of K.L.J.*, 813 P.2d 276, 279 (Alaska 1991).

20. 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

21. *In the Matter of K.L.J.*, 813 P.2d at 279 (quoting *Keyes v. Humana Hosp. Alaska, Inc.*, 750 P.2d 343, 353 (Alaska 1988)).

22. *Patrick v. Lynden Transp., Inc.*, 765 P.2d 1375, 1378 (Alaska 1988).

23. *See* AS 23.30.145.

As the board did not prevent Bustamante from hiring private counsel with its decision and there is no legal basis for appointment of counsel, the superior court did not err in refusing to appoint counsel for Bustamante.

## V. CONCLUSION

Because Bustamante had no right to the appointment of counsel at public expense, we AFFIRM the superior court's denial of his motion for appointment of counsel. Because the superior court was apparently unaware that it had the discretion to waive the requirement that Bustamante prepay for transcript preparation costs, or to narrow the designation of needed transcripts, or to order that the appeal be heard by listening to tapes instead of by reading transcripts, we REVERSE the order of dismissal and REMAND for the superior court to exercise its discretion regarding preparation of a transcript.