Lenroy BROWN, Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA,
Defendant–Appellee.

No. 00–3298.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 2003.

Decided Aug. 11, 2003.

Before BAUER, POSNER, and WILLIAMS, Circuit Judges.

## ORDER

Between June 1993 and March 1996, Appellant Lenroy Brown, an inmate at the Federal Correctional Institute in Oxford, Wisconsin ("Oxford"), was treated for prostatitis, cystitis, prosthetic hypertrophy, kidney stones, and hydronephrosis. The treatments, which included oral and intravenous administration of both systematic and urinary-specific analgesics, as well as a lithotripsy, did not relieve his constant pain.

After exhausting his administrative remedies, Brown filed pro se complaint against the federal government, specifically alleging that medical personnel at Oxford were negligent in failing to treat his symptoms in a timely and proper manner. The district court construed Brown's complaint (entitled "Tort Claims") as a medical malpractice claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, granted his motion to proceed *in forma pauperis*, and informed him that, under Wisconsin law, he would need to produce expert evidence to establish the standard of medical care he was owed.

Brown timely filed motions for appointment of counsel and for appointment of an expert witness, both of which the district court denied. In denying his request for an expert, the district court explained that Brown improperly invoked Rule 35 of the Federal Rules of Civil Procedure ("FRCP"). With respect to Brown's request for appointment of counsel, the district court explained that Brown had not made the requisite showing that he had tried reasonably and without success to retain legal counsel. The court also noted that Brown "is competent to read, express his thoughts in writing, and follow directions generally" and therefore "competent to represent himself given the straightforward nature of the case," and that Brown's inability to find counsel to represent him on a contingent fee basis would indicate his unlikelihood of success on the merits. Lastly, the district court

advised Brown to contact the Wisconsin State Bar Lawyer Referral Service and reiterated that the success of his case hinged upon his provision of expert testimony establishing the appropriate standard of care. *See Brown v. United States,* No. 99–C–400–C (W.D.Wis. Oct. 22, 1999).

Prior to a discovery disclosure deadline set by magistrate pretrial order for June 16, 2000, in which Brown was reminded of the critical nature of his procurement of expert testimony, Brown made no request for discovery and neither identified an expert nor challenged the district court's construction of his complaint as a medical malpractice claim. On June 30, 2000, the United States moved for summary judgment based on Brown's failure to disclose an expert witness in accordance with the pretrial order and FRCP 26(a)(2). Not until July did Brown make requests for discovery, around which time he also filed a motion which the court construed as a "Response to the Defendant's Motion for Summary Judgment." The district court subsequently granted the United States' motion for summary judgment based on Brown's failure to provide expert testimony in support of his medical malpractice claim as required under Wisconsin law.

■ Brown timely appealed and, following an initial appellate briefing in which Brown proceeded pro se, this Court appointed appellate counsel to represent Brown and invited briefing on the issue (in addition to any others counsel deemed appropriate) of whether, in a "medical malpractice suit brought under the [FTCA], it was proper for the district court to grant summary judgment where the plaintiff failed to identify an expert witness as required by Wisconsin law ... before the plaintiff had an opportunity to complete discovery." In his brief prepared by appointed appellate counsel, however, Brown does not address the issue, so it is waived.

Instead, Brown argues on appeal that the district court's construction of his claim as one alleging medical malpractice, rather than general negligence, was unduly narrow. He argues in the alternative that, given the complex nature of medical malpractice litigation, the court's refusal to appoint trial counsel to represent him was an abuse of discretion. Finally, Brown contends that the district court's unwillingness to aid Brown in his attempts to obtain an expert witness violated his right to due process of law.

■ The district court's construction of Brown's complaint is an issue of law reviewable de novo. To establish a negligence claim under Wisconsin law, a plaintiff must prove that (i) he was owed a duty of care, (ii) such duty was breached, (iii) such breach was causally connected to his injury, and (iv) some loss or damage resulted from the injury. *Nieuwendorp v. American Family Ins. Co.,* 191 Wis.2d 462, 529 N.W.2d 594, 599 (Wis.1995). In a medical malpractice case, "[u]nless the situation is one where the common knowledge of laymen affords a basis for finding negligence, expert medical testimony is required to establish the degree of care and skill required of a physician." *Christianson v. Downs,* 90 Wis.2d 332, 279 N.W.2d 918, 921 (Wis.1979). In order to determine whether the oral and intravenous administration of analgesics, in combination with the lithotripsy procedure, would satisfy the degree of care and skill required of a physician treating abdominal pain associated with Brown's kidney stones and other medical conditions, a trier of fact would need to know precisely what degree of care and skill is required. The knowledge of a medical expert far outmatches that of a common layman for the purpose of establishing this standard. Brown argues on appeal that the claim alleged only that the United States breached its gener-

al duty to protect prisoners from harm. However, when the harm suffered is allegedly due to the improper and untimely administration of medical treatment, the duty breached is that owed to Brown by healthcare providers specifically, rather than the federal government generally. As such, we agree with the district court's interpretation of Brown's complaint as a medical malpractice claim requiring him to provide expert testimony as to the standard of medical care he was owed.

We review the district court's decision not to appoint counsel for an abuse of discretion, and will reverse only where it results in a due process violation. *See Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995). Preliminarily, we note that civil litigants have no constitutional or statutory right to representation by court-appointed counsel. *See, e.g., Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In its discretion, however, "the court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "As a threshold matter, a litigant must make a reasonable attempt to secure private counsel." *Zarnes,* 64 F.3d at 288. In determining whether the denial of counsel violates a litigant's right to due process, we also rely on whether "the plaintiff appear[s] to be competent to try [the case] himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Id.* at 288 (quoting *Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir.1993)).

In declining to appoint counsel, the district court noted that Brown made no attempts to secure private counsel prior to filing his motion. "Once he begins this process, he will either find a lawyer willing to take the case or he will discover that no lawyer is willing to do so." *Brown,* No. 99–C–400–C, at 4. The latter result would "serve as a strong indication that his case is not likely to succeed whether or not he has appointed counsel." *Id.* at 5. In addition to observing from Brown's filings and appearances that he is able competently to read, write and follow directions, the district court noted that his case involved only the straightforward issue of whether government health providers were negligent in their treatment of his symptoms.[1] These findings provide ample support for the district court's refusal to appoint counsel, which was well within its discretion. As such, Brown cannot support a claim that the decision violated his due process rights.

Lastly, we review the district court's refusal to appoint an expert witness for abuse of discretion. *See Ledford v. Sullivan,* 105 F.3d 354, 358 (7th Cir.1997). Brown argues that the district court's refusal to appoint an expert witness after construing his complaint as a medical malpractice claim violated his right to procedural due process by denying him meaningful access to the court. As the district court correctly noted, Rule 35 of the FRCP does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party. Brown seeks to compel the government to bear the cost of and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his case. However, no civil litigant, even an indigent one, has a legal right to

---

1. That Brown's medical malpractice claim is a relatively simple one does not exempt it from the requirement under Wisconsin law that he provide expert testimony to establish the standard of professional care and skill he was owed.

such aid. The court's denial of Brown's motion for appointment of an expert witness was therefore within its discretion. Furthermore, because it deprived him of no right, the denial did not result in a due process violation.

Because Brown failed to provide an expert witness to establish the elements of his medical malpractice claim, the district court properly granted the United States' motion for summary judgment.

AFFIRMED.