NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JOHNNY B. L. JOHNSON, | ) | Supreme Court Nos. S-14100/14120/ |
| | ) | 14169 (Consolidated) |
| Appellant, | ) | |
| | ) | Superior Court Nos. 3KN-09-00696 CI |
| v. | ) | 3KN-10-00468 CI |
| | ) | 3KN-10-00416 CI |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | MEMORANDUM OPINION |
| | ) | AND JUDGMENT[*] |
| Appellee. | ) | |
| | ) | No. 1442 – November 14, 2012 |

Appeals in File Nos. S-14100/14120 from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Anna M. Moran, Judge.

Appeal in File No. S-14169 from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Charles T. Huguelet, Judge.

Appearances: Johnny B.L. Johnson, pro se, Juneau, Appellant. Marilyn J. Kamm, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, and Stowers, Justices. [Carpeneti, Justice, not participating.]

---

[*] Entered under Appellate Rule 214.

1.	In 2009 and early 2010, Johnny Johnson was penalized for three separate conduct violations while incarcerated. Johnson appealed all three penalties at the administrative level and then to the superior court. Two of his appeals were considered by Superior Court Judge Anna M. Moran; one of his appeals was considered by Superior Court Judge Charles T. Huguelet. Because Johnson failed either to pay his filing fees or to submit the administrative record on appeal to the superior court, the superior court judges dismissed each of his appeals. Johnson now appeals those dismissals to this court.

2.	In case S-14100, the superior court dismissed Johnson's appeal due to his failure to submit the agency record. It is the Department of Corrections (DOC), however, that is charged with the responsibility of establishing and submitting a record, even though a prisoner may be held responsible for the costs.[2] Nothing in the record shows that DOC or the superior court advised Johnson that if he could not pay for the costs of preparing the record on appeal, then he could file for relief with the superior court.

3.	In cases S-14120 and S-14169, the superior court judges dismissed Johnson's appeals due to his failure to pay the required filing fees. Each court had lowered the fee to $5.41, but Johnson filed requests seeking to waive the filing fees, premised on his assertion that he had no money in his prison trust account and because he was being held in segregation he was unable to work to earn money to pay for the filing fees. Each court denied Johnson's requests.

---

[2]	*See* AS 44.62.560(b): "The complete record of the proceedings, or the parts of it which the appellant designates, shall be prepared by the agency. . . . The original shall be filed in the superior court within 30 days after the appellant pays the estimated cost of preparing the complete or designated record or files a corporate surety bond equal to the estimated cost."

4.    The superior court cannot deny an indigent prisoner's access to the court based on the prisoner's inability to pay.[3] Further, because Johnson was a pro se litigant, he should have been held to a "less stringent standard[] than [that] of lawyers."[4] We have held that the "trial judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish."[5] Moreover, "we have long held that before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings."[6]

5.    Here, Johnson attempted to demonstrate his inability to pay the filing fees and the cost for preparing the record on appeal. The superior court was required by AS 09.19.010(d) to "require the prisoner to pay filing fees [at a minimum] equal to 20 percent of the larger of the average monthly deposits made to the prisoner's account . . . or the average balance in that account." In Johnson's case, the amount he was required to pay was $5.41. The court's obligation to follow AS 09.19.010(d) , however, does not excuse the court from its duty to advise Johnson of the procedure he should follow to bring the issue of his inability to pay to the court and to consider solutions other than dismissal after Johnson struggled to abide by court rules. In none of Johnson's three appeals did the court advise him that he could request, for example, the option of paying

---

[3]    *Midgett v. Cook Inlet Pre-Trial Facility*, 53 P.3d 1105, 1112 (Alaska 2002) ("Generally, a prisoner has a due process right to reasonable access to the courts . . . ."); *cf. Brandon v. Corr. Corp. of Am.*, 28 P.3d 269, 280 (Alaska 2001) ("Requiring a filing fee payment based on ability to pay for specific kinds of civil litigation against the state does not unconstitutionally restrict access to the courts or create a state immunity . . . .").

[4]    *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

[5]    *Id.* (italics omitted).

[6]    *Azimi v. Johns*, 254 P.3d 1054, 1067 (Alaska 2011).

his fees in installments over several months, or paying when his prison account had sufficient funds.

6.    The court failed to inform Johnson of proper procedure and failed to consider reasonable alternatives for the payment of fees and costs before dismissing his appeals.  In essence, the court dismissed Johnson's appeals in the face of his claims that he could not afford to pay the fees and costs necessary to perfect his appeals.  It was an abuse of discretion to dismiss Johnson's appeals under these circumstances.

7.    Finally, Johnson argues that he is entitled to court-appointed counsel. Alaska Statute 18.85.100 governs the right to representation by a public defender, and Johnson's circumstances do not fall within any of those enumerated in that statute. Johnson's claims pertain to his disciplinary hearing and penalty, not to "a serious crime,"[7] and he is not making claims that pertain to his status as a parent[8] or as a witness,[9] or to post-conviction relief.[10]

We use a balancing test to determine "whether due process requires a right to counsel in civil cases."[11]  Courts should consider (1) the private interest at issue, (2) "the risk of erroneous deprivation of such interest" and the expected value of additional safeguards, and (3) how the government's interests would be impacted by implementing

---

[7]    AS 18.85.100(a).

[8]    AS 18.85.100(e).

[9]    AS 18.85.100(f).

[10]    AS 18.85.100(g).

[11]    *Bustamante v. Alaska Workers' Comp. Bd.*, 59 P.3d 270, 274 (Alaska 2002).

such additional safeguards.[12]  Johnson is appealing the imposition of penalties against him for disciplinary infractions.  It is not reasonable to require courts to appoint counsel for all such matters, and none of the three factors listed above favor court-appointed counsel.  In *McGinnis v. Stevens* we held that "a prisoner has the right to counsel in conjunction with major disciplinary proceedings when felony prosecution may result."[13]  However, no such prosecution is at issue here.  In sum, as Johnson was not entitled to a public defender, the court did not err when  it failed to provide him with one.

8.      We REVERSE the superior court's dismissals of Johnson's administrative appeals.  We REMAND for the superior court to reinstate his appeals and to ascertain whether Johnson now has the ability to pay the filing fees and the costs of preparing the record on appeal.  If he does not, the court shall consider alternative ways to proceed consistent with this opinion.

---

[12]      *Id*.

[13]      543 P.2d 1221, 1236 (Alaska 1975).