*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BRET F. MANESS, | ) | |
| | ) | Supreme Court No. S-14753 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-07-11407 CI |
| v. | ) | |
| | ) | O P I N I O N |
| MIKE GORDON, WILLIAM | ) | |
| MILLER, SHELLEY (DOE) | ) | No. 6880 – March 21, 2014 |
| GORDON, JOHN DOE, FRED | ) | |
| POTTS, MARK KOLSTAD, ARVID | ) | |
| "B.J." BJORTON, MICHAEL | ) | |
| JUSTICE, JAMES SERFLING, | ) | |
| TERRENCE STAHLMAN, ROBERT | ) | |
| PIPKIN, SR., JUDITH RAE | ) | |
| MANESS, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, John Suddock, Judge.

Appearances: Bret F. Maness, pro se, Anchorage, Appellant. Kevin T. Fitzgerald, Ingaldson Fitzgerald, P.C., Anchorage, for Appellees Gordon and Gordon. Howard S. Trickey, Jermain Dunnagan & Owens, P.C., Anchorage, for Appellee Serfling.

Before: Winfree, Stowers, and Bolger, Justices. [Fabe, Chief Justice, and Maassen, Justice, not participating.]

BOLGER, Justice.

## I.    INTRODUCTION

Bret Maness sued for assault and battery, sexual assault, intentional infliction of emotional distress, and false imprisonment, based on incidents alleged to have occurred in the 1970s. The superior court concluded that Maness's claims are barred by the statute of limitations. In this appeal, Maness argues that the discovery rule tolled the statute of limitations because he provided an affidavit stating that he suffered from repressed memory syndrome and has only recently recovered memories of these assaults. But we agree with the superior court's conclusion that expert testimony is necessary to support a claim based on repressed memory syndrome and affirm the grant of summary judgment.

## II.    FACTS AND PROCEEDINGS

Bret Maness alleges that the defendants committed a series of sexual assaults against him in the 1970s, when he was still a child. He further alleges that, although the defendants used a combination of date rape drugs and hypnosis to cause him to forget these incidents, he recovered memories of the assaults shortly before filing his complaint.

Maness filed a complaint in the Anchorage superior court on October 30, 2007, seeking "general and special" damages for "intentional and/or negligent torts" and intentional infliction of emotional distress. Defendants James Serfling, Michael Gordon, and Shelley Gordon deny all of his allegations.[1]

Serfling and the Gordons moved for summary judgment on the ground that Maness's claims are barred by the statute of limitations. Maness opposed their motions,

---

[1]    Although some of the other defendants have responded briefly and sporadically to Maness's filings, only Serfling and the Gordons have participated consistently in this litigation. No other party filed a brief in this appeal.

arguing that, because he recovered repressed memories of the sexual assaults less than a year before filing his complaint, the discovery rule applies, and his claims are not time-barred. To rebut Maness's argument, Serfling produced an affidavit from expert witness Dr. Charles J. Brainerd, a developmental and experimental psychologist. Dr. Brainerd concluded, based on Maness's deposition, that "what Mr. Maness describes having experienced regarding his memories is simply not an example of the condition known as repressed memory syndrome."

On May 11, 2011, the superior court ordered Maness to "submit an affidavit of a qualified expert supporting his claim, within 120 days." When Maness failed to provide any expert testimony, the court granted the defendants' motions for summary judgment,[2] explaining

> [b]ecause Maness's claims of hypnotic deception and recovered memory are outside of the lay expertise of a jury, expert testimony is required in order to prove these claims. Defendant Serfling has provided expert testimony and other evidence demonstrating that he is entitled to summary judgment on these claims, and Maness has failed to provide the expert testimony necessary to refute that showing.

Maness now appeals from the superior court's order granting summary judgment.[3]

---

[2] Although only the Gordons and Serfling filed motions for summary judgment, the court granted summary judgment in favor of the other defendants as well.

[3] Although the superior court's order is titled "Order Granting Motion to Dismiss," the order was issued in response to Serfling's motion for summary judgment. Therefore, the order appears to grant summary judgment rather than judgment on the pleadings under Alaska Civil Rule 12(c).

## III.    STANDARD OF REVIEW

Summary judgment is proper where the moving party demonstrates that there is no genuine factual dispute and that it is entitled to judgment as a matter of law.[4] When considering an order granting summary judgment, we must draw all reasonable inferences from the facts in favor of the non-moving party.[5]  We review a grant of summary judgment de novo.[6]

We review the superior court's construction of the Alaska and federal Constitutions de novo.[7]

## IV.    DISCUSSION

### A.    Because Maness Did Not Support His Allegations Of Repressed Memory Syndrome With Expert Testimony, His Claims Are Time-Barred.

Maness argues that his claims are timely under AS 09.10.065(a) and AS 09.10.140(b),[8] which apply to claims based on sexual abuse or sexual assault.  However,

---

[4]    *Egner v. Talbot's, Inc.*, 214 P.3d 272, 278 (Alaska 2009); *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 757 (Alaska 2008).

[5]    *Mitchell*, 193 P.3d at 758.

[6]    *Id.* at 757.

[7]    *State, Dep't of Revenue v. Andrade*, 23 P.3d 58, 65 (Alaska 2001).

[8]    AS 09.10.065(a) eliminates the statute of limitations for an action based on any "conduct that would have, at the time the conduct occurred" constituted felony sexual abuse of a minor or felony sexual assault.  AS 09.10.140(b) provides that a plaintiff may bring a claim based on misdemeanor sexual abuse more than three years after the plaintiff reaches the age of majority if the plaintiff brings the action "within three years after the plaintiff discovered or through use of reasonable diligence should have discovered that the act caused the injury or condition" that is the basis of the claim.

both of these statutes were enacted long after the events he describes in his complaint,[9] and neither applies retroactively.[10] Therefore, Maness's claims are barred under the two-year statute of limitations for torts,[11] unless he can establish that the discovery rule applies.

Under the discovery rule, where an element of a claim is not "immediately apparent," the statute of limitations does not begin to run until a reasonable person would have enough information to alert him that he "has a potential cause of action or should begin an inquiry to protect . . . her rights."[12] Maness alleges that, from the date the alleged sexual assaults occurred until shortly before he filed his complaint, he suffered from repressed memory syndrome, a psychological condition that blocked his access to

---

[9] The relevant provision of AS 09.10.065 was added to the Alaska Statutes in 2001. Ch. 86, § 1, SLA 2001; *see also Catholic Bishop of N. Alaska v. Does 1-6*, 141 P.3d 719, 722-23 (Alaska 2006). AS 09.10.140(b) was enacted in 1990. Ch. 4, § 3, SLA 1990. The latest event Maness describes in his complaint occurred in 1985.

[10] "Statutes are not to be applied retroactively unless the language used by the legislature indicates the contrary." *Matanuska Maid, Inc. v. State*, 620 P.2d 180, 187 n.8 (Alaska 1980); *see also* AS 01.10.090 ("No statute is retrospective unless declared therein."). Neither AS 09.10.140 nor the session laws contain any language indicating that the statute was intended to apply retroactively. And we have already held that AS 09.10.065 does not have retroactive effect. *Catholic Bishop of N. Alaska*, 141 P.3d at 722-25.

[11] *See* AS 09.10.070(a). Although AS 09.10.070(a) does not explicitly include claims for intentional infliction of emotional distress, it includes "libel, slander, assault, battery, . . . personal injury," and other torts similar to intentional infliction of emotional distress. Therefore, an emotional distress claim is subject to the same two-year statute of limitations.

[12] *Egner v. Talbot's, Inc.*, 214 P.3d 272, 278 (Alaska 2002) (internal quotation marks omitted).

memories of the assaults. Relying on caselaw from other jurisdictions, he argues that the discovery rule tolled the statute of limitations until he recovered the repressed memories.

Many jurisdictions recognize that repressed memory syndrome may extend the statute of limitations,[13] but others have declined to adopt this rule.[14] The superior court assumed, for purposes of its summary judgment order, that Maness could invoke the discovery rule based on his allegations of repressed memories. However, the court granted summary judgment against Maness because it concluded that he could not prove his repressed memory syndrome claim without producing expert testimony. That conclusion is consistent with the decisions of most courts considering repressed memory

---

[13]    *See, e.g.*, *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998) (en banc) (noting that "[a]pplication of the discovery rule to tort sexual abuse cases is . . . the majority rule in this country" and collecting cases); *Hearndon v. Graham*, 767 So. 2d 1179, 1181 (Fla. 2000); *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 746 (Ind. 1999); *McCollum v. D'Arcy*, 638 A.2d 797, 799 (N.H. 1994).

[14]    *See, e.g.*, *Bonner v. Roman Catholic Diocese of Boise*, 913 P.2d 567, 568 (Idaho 1996) (noting that Idaho does not apply the discovery rule under any circumstances); *Doe v. Maskell*, 679 A.2d 1087, 1092 (Md. 1996) ("After reviewing the arguments on both sides of the issue, we are unconvinced that repression exists as a phenomenon separate and apart from the normal process of forgetting."); *Lemmerman v. Fealk*, 534 N.W.2d 695, 698 (Mich. 1995); *Dalrymple v. Brown*, 701 A.2d 164, 170-71 (Pa. 1997) (noting that a majority of jurisdictions have adopted the repressed memory syndrome rule but declining to adopt that rule).

syndrome claims[15] as well as Alaska case law requiring expert testimony to prove medical or legal malpractice.[16]

Maness cites *Phillips v. Gelpke*,[17] for the proposition that he need not present expert testimony to invoke the discovery rule. But he misreads that case. The *Phillips* court held that a plaintiff did not need to submit expert testimony in order to testify that she forgot, but later remembered, sexual abuse.[18] However, the court stated that expert testimony *would* be a prerequisite to tolling the statute of limitations.[19]

---

[15]    *See, e.g.*, *Doe v. Archdiocese of Saint Paul*, 817 N.W.2d 150, 171 (Minn. 2012) ("Without expert testimony tending to prove that Doe actually suffered from repressed memories from sometime before June 11, 1985, until sometime after April 24, 2000, he cannot show that his claims are timely."); *State v. King*, 733 S.E.2d 535, 541-42 (N.C. 2012) ("[I]f a witness is tendered to present lay evidence of sexual abuse, expert testimony is not an automatic prerequisite to admission of such evidence . . . . However, unless qualified as an expert or supported by admissible expert testimony, the witness may testify only to the effect that, for some time period, he or she did not recall, had no memory of, or had forgotten the incident, and may not testify that the memories were repressed or recovered." (citation omitted)); *Moriarty v. Garden Sanctuary Church of God*, 534 S.E.2d 672, 680 (S.C. 2000) (holding that expert testimony is required to prove that plaintiff recovered a repressed memory).

[16]    *See Parker v. Tomera*, 89 P.3d 761, 766 (Alaska 2004) ("[I]n medical malpractice actions the jury ordinarily may find a breach of professional duty only on the basis of expert testimony. The primary exception to this rule is if the negligence claimed would be evident to lay people." (quoting *Kendall v. State, Div. of Corr.*, 692 P.2d 953, 955 (Alaska 1984) (internal quotation marks, alterations, and citations omitted)); *Ball v. Birch, Horton, Bittner & Cherot*, 58 P.3d 481, 489 (Alaska 2002) ("Legal malpractice plaintiffs in Alaska must support their claims with expert opinion evidence unless the negligence alleged is sufficiently non-technical to be cognizable by laypersons.").

[17]    921 A.2d 1067 (N.J. 2007).

[18]    *Id.* at 1074.

[19]    *Id.* at 1075-76.

We conclude that Maness's claims are time-barred because he cannot invoke the discovery rule without offering expert testimony.[20] Therefore, the superior court properly granted summary judgment on these claims.

### B. Requiring Maness To Prove His Claims With Expert Testimony Did Not Deprive Him Of Due Process.

On appeal, Maness argues that requiring an indigent plaintiff "to hire an expert witness or suffer a summary judgment dismissal" violates the due process clauses of the Alaska and United States Constitutions. Accordingly, he asks that this court remand his case "with the instruction that Mr. Maness is not required to produce any expert affidavit or testimony."

Under both state and federal law, we analyze a due process claim by comparing the private interest involved and the risk of erroneous deprivation of that interest against the government's interest, including the fiscal and administrative burdens of additional procedural safeguards.[21]

In this case, the private interest involved is the right of access to the courts to pursue a personal injury claim. This right is important but not fundamental.[22] Accordingly, while courts have appointed expert witnesses in criminal trials[23] and civil

---

[20] Therefore, we need not, and do not, decide whether properly supported allegations of repressed memory syndrome might extend the statute of limitations.

[21] *Titus v. State, Dep't of Admin., Div. of Motor Vehicles*, 305 P.3d 1271, 1280 (Alaska 2013) (citing *Mathews v. Eldridge*, 424 U.S. 319, 339-40 (1976)).

[22] *Sands ex rel. Sands v. Green*, 156 P.3d 1130, 1134 (Alaska 2007).

[23] *See Ake v. Oklahoma*, 470 U.S. 68, 76-77, 83-84 (1985) (holding that government's failure to provide criminal defendant with an expert witness violates the Due Process Clause of the United States Constitution where expert testimony is "basic tool[] of an adequate defense" and defendant cannot afford to pay for it).

proceedings implicating fundamental interests,[24] they have not recognized a right to an appointed expert in an ordinary civil case.[25]

The courts have adopted a similar distinction in cases considering a litigant's right to court-appointed counsel. An indigent criminal defendant has a constitutional right to court-appointed counsel.[26] And, in this state, that right extends to post-conviction proceedings.[27] But a civil litigant does not have a right to appointed counsel unless the case involves a fundamental interest.[28]

There is indeed some risk that Maness could be unjustly foreclosed from pursuing his personal injury claim. Under the rule applied by the superior court, any

---

[24] *See, e.g.*, *State ex rel. Children Youth & Families Dep't v. Kathleen D.C.*, 157 P.3d 714, 719 (N.M. 2007) ("[I]n certain circumstances, due process may require the appointment of an expert witness at the State's expense to an indigent parent in a neglect and abuse proceeding."); *In re Shaeffer Children*, 621 N.E.2d 426, 431 (Ohio App. 1993) (stating that due process requires the appointment of a psychiatric expert in certain permanent custody proceedings). *But see In re J.T.G.*, 121 S.W.3d 117, 130 (Tex. App. 2003) (declining invitation to extend *Ake* to parental termination cases).

[25] *See Brown v. United States*, 74 F. App'x 611, 614-15 (7th Cir. 2003) ("Brown seeks to compel the government to bear the cost of and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his [medical malpractice] case. However, no civil litigant, even an indigent one, has a legal right to such aid."); *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 167 (Iowa 1992) (rejecting plaintiff's claim that statute requiring expert testimony to prove medical malpractice violated due process rights of plaintiffs who cannot afford to hire experts); *see also Willoya v. State, Dep't of Corr.*, 53 P.3d 1115, 1122 (Alaska 2002) ("[Alaska Evidence Rule] 706[, which permits courts to appoint expert witnesses on their own motion,] was not intended as a means for an indigent party to obtain expert testimony at public expense.").

[26] *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963).

[27] *Grinols v. State*, 74 P.3d 889, 895 (Alaska 2003).

[28] *Bustamante v. Alaska Workers' Comp. Bd.*, 59 P.3d 270, 274 (Alaska 2002).

plaintiff relying on repressed memory syndrome will forfeit his tort claim if he cannot produce an expert affidavit, whether or not his claims are meritorious or application of the discovery rule is warranted.

However, this case also implicates substantial state interests. The statute of limitations protects against the injustice that may result from prosecution of stale claims[29] and the difficulties caused by "lost evidence, faded memories, and disappearing witnesses."[30]

The expert testimony requirement, in turn, addresses legitimate concerns about the accurate diagnosis of memory disorders:

> The primary reasons other courts have imposed the requirement are the disagreement among the psychological and medical communities about the validity of repressed memory syndrome, the danger a plaintiff's memories could be faked or implanted during therapy, and the desire that a plaintiff not have the ability to control the running of the statute of limitations solely by allegations whose only support is contained within the plaintiff's mind.[31]

And it would require considerable expense for the public to provide expert testimony for all indigent civil litigants pursuing claims like this one.[32]

The right to court access protected by the due process clause of the Alaska Constitution is broader than the corresponding federal right, but it is "ordinarily

---

[29] *Bradshaw v. State, Dep't of Admin., Div. of Motor Vehicles*, 224 P.3d 118, 122 (Alaska 2010).

[30] *Lee Houston & Assocs. v. Racine*, 806 P.2d 848, 855 (Alaska 1991).

[31] *Moriarty v. Garden Sanctuary Church of God*, 534 S.E.2d 672, 680 (S.C. 2000).

[32] *Cf. Bustamante*, 59 P.3d at 274 ("Requiring the state to pay for counsel for workers' compensation claims would be an extraordinary fiscal burden.").

implicated only when a legislative enactment or governmental action erects a direct and insurmountable barrier in front of the courthouse doors."[33]  Accordingly, we have held that due process is violated by a direct prohibition on filing suit[34] or a prohibitively high filing fee.[35]  But a party may, consistent with due process, be required to bear the reasonable expenses involved in proving or defending a routine civil case.[36]  In a similar context, we have sustained a court order denying an indigent medical malpractice plaintiff's request for appointment of a medical expert at state expense.[37]  The due process balancing test requires the same result here.

---

[33]    *Sands ex rel. Sands v. Green*, 156 P.3d 1130, 1134 (internal quotation marks omitted).

[34]    *Bush v. Reid*, 516 P.2d 1215, 1220 (Alaska 1973) (invalidating a statute preventing parolees from filing suit); *see also Sands*, 156 P.3d at 1134 ("By forfeiting the personal injury claims of minors injured before the age of eight after their tenth birthdays, [the statute of limitations] effectively closes the courthouse doors to minors unfortunate enough to have parents or guardians who fail to diligently pursue their rights.").

[35]    *Varilek v. City of Houston*, 104 P.3d 849, 855 (Alaska 2004) (holding that a landowner's right to access the courts is violated by a mandatory administrative appeal fee if the landowner can demonstrate that he is unable to pay the fee).

[36]    *See McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987) ("[T]he right of access to the courts does not independently include a waiver of witness fees so that the indigent litigant can present his case fully to the court."); *Johnson v. Hubbard*, 698 F.2d 286, 288-89 (6th Cir. 1983) ("In clarifying the 'right of access' the courts have developed a distinction between actual access to the court and procedures essential to the trial process.  While allowing potential plaintiffs and defendants access to law libraries and other legal assistance, or the waiver of certain pretrial fees, there is no constitutional requirement to waive costs of transcripts, expert witness fees, and fees to secure depositions."); *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 167 (Iowa 1992).

[37]    *See Willoya v. State, Dep't of Corr.*, 53 P.3d 1115, 1121-22 (Alaska 2002).

The state's interest in an accurate and timely resolution of this dispute outweighs the risk that Maness will be erroneously deprived of a meritorious tort claim. We conclude that requiring Maness to support his claim of repressed memory syndrome with an expert affidavit did not violate due process.

## V. CONCLUSION

The judgment of the superior court is AFFIRMED.