**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2961
_____

JAMES T. COLE, JR.,

 Appellant

v.

SETH FERRANTI; GORILLA CONVICT PUBLISHING
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-10-cv-00426)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: August 26, 2013)
_____

OPINION
_____

PER CURIAM

James Cole, a federal inmate proceeding pro so, appeals from an order of the United

States District Court for the Middle District of Pennsylvania, which granted summary

judgment to defendants Seth Ferranti and Gorilla Convict Publications.  We will affirm the

District Court's order.

1

In 2010, Cole filed a pro se complaint in the District Court, alleging that he was libeled and slandered in a book entitled Street Legends that was written by Ferranti and published by Gorilla Convict Publications in 2008. According to Cole, Street Legends included false and defamatory statements about his past involvement with a criminal organization known as the Junior Black Mafia. Defendant Ferranti, also a pro se federal inmate, filed a motion for summary judgment on behalf of himself and Gorilla Convict Publications on the grounds that Cole's complaint was barred by the one-year statute of limitations applicable to defamation actions in Pennsylvania. The District Court concluded that Cole's complaint was time-barred and granted summary judgment to both Ferranti and Gorilla Convict. Cole timely filed this appeal.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review the order granting summary judgment de novo, using the same standard as the District Court. See Pichler v. UNITE, 542 F.3d 380, 385 (3d Cir. 2008). Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Pennsylvania law imposes a one-year statute of limitations on claims for defamation. 42 Pa. C. S. § 5523(1). Cole initiated his suit in February 2010. He does not dispute the District Court's finding that Street Legends was published almost two years earlier, in April 2008, but argues that he is entitled to tolling under Pennsylvania's "discovery rule" because he did not learn of the book's publication until June 2009. The District Court concluded that Cole cannot benefit from the discovery rule because the rule does not apply to claims alleging

2

defamation through mass-media publications like Street Legends. On appeal, Cole emphasizes that neither this Court nor the Pennsylvania Supreme Court has decided whether the discovery rule applies to mass-media defamation actions, and that his incarceration served as a barrier to timely discovering his injury because inmates do not have ready access to new books, magazines, or the internet.

The Pennsylvania discovery rule "toll[s] the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises." Fine v. Checcio, 870 A.2d 850, 859 (Pa. 2005). Under the rule, the limitations period begins to run when the complaining party "knows, or reasonably should know, (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991). Because we apply Pennsylvania's statute of limitations and tolling principles in this diversity action, we must look to Pennsylvania law and predict how the Pennsylvania Supreme Court would view the applicability of the discovery rule to Cole's case. Id. The Pennsylvania Supreme Court has explained that the discovery rule's central purpose is to address "an injury that is not immediately ascertainable." Fine, 870 A.2d at 859-60. The Court has cautioned that the rule "cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists," and is reserved for "worthy cases" in which "the injured party is *reasonably unaware* that an injury has been sustained." Dalrymple v. Brown, 701 A.2d 164, 167 (Pa. 1997). Under Pennsylvania law, incarceration generally is not a basis for tolling. See 42 Pa. C. S. § 5533(a).

We do not decide whether Pennsylvania's discovery rule broadly operates in the context

3

of mass-media defamation claims because we conclude that in this case Cole could not have been "*reasonably unaware* that an injury has been sustained" during the limitations period. Dalrymple, 701 A.2d at 167.[1] Cole acknowledges that he received a letter from Ferranti in 2007 asking if he would be willing to add anything to a book Ferranti was writing called Street Legends, which included passages about Cole's affiliation with the Junior Black Mafia. Cole asserts that he replied by letter to Ferranti stating that he did not want his name to be included in the book, and thereafter assumed that the matter was resolved. It was not until June 2009, Cole maintains, that he learned about the publication of Street Legends when he was told by fellow inmates that a book which made unflattering references to him was circulating among the inmate population. According to Cole, he did not decide to read the book until six months later, in December 2009, and did not file his complaint in the District Court for another two months.

Cole had advance notice of the book's imminent publication before the one-year limitations period on defamation claims began to run. Although his incarceration may have required him to exercise more diligence in discovering that Street Legends was published before the limitations period expired in April 2009, there is no evidence to suggest that Cole acted in a reasonable manner to preserve his rights after corresponding with Ferranti. On the contrary, he admits that after informing Ferranti that he did not wish to be in the book, he

---

[1] We note that the Seventh Circuit has declined to apply the discovery rule in a mass-media defamation action brought by an incarcerated inmate. See Schweihs v. Burdick, 96 F.3d 917, 921 (7th Cir. 1996). State courts have reached similar conclusions in mass-media defamation cases involving non-incarcerated plaintiffs. See, e.g., Shively v. Bozanich, 31 80 P.3d 676, 688-89 (Cal. 2003); Mullin v. Washington Free Weekly, Inc., 785 A.2d 296, 299 (D.C. 2001); Flynn v. Assoc'd Press, 519 N.E.2d 1304, 1307 (Mass. 1988); Clark v. AiResearch Mfg. Co. of Ariz. Inc., 673 P.2d 984, 986-87 (Ariz. 1983).

assumed the matter was over. Cole did not act to preserve his rights even after learning that Street Legends was circulating in his prison, waiting until December 2010 to obtain a copy and read it. Under these circumstances, we cannot conclude that application of Pennsylvania's equitable discovery rule is appropriate.[2]

Accordingly, we will affirm the District Court's order.[3]

---

[2] We reject Cole's alternative argument that a second printing of Street Legends in April 2010 caused the one-year statute of limitations period for his defamation claims to begin anew. See In re Phila. Newspapers, LLC, 690 F.3d 161, 174 (3d Cir. 2012).

[3] Cole asks us to remand to the District Court with respect to the grant of Ferranti's motion for summary judgment on behalf of Gorilla Convict Publications. We agree that as a non-attorney, Ferranti was not permitted to represent Gorilla Convict, apparently a sole proprietorship owned by a third-party, in the summary judgment motion. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). We will deny Cole's request to remand on that basis, however, because the District Court acknowledged that Ferranti was not allowed to represent Gorilla Convict and was permitted to grant summary judgment to Gorilla Convict independent of Ferranti's motion. See Fed. R. Civ. P. 56(f); Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.").